IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JANIE LOUISE INGRAM                                                             PLAINTIFF

vs.                                Civil No. 4:16-cv-04071

NANCY A. BERRYHILL                                                  DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Janie Louise Ingram ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred this case to the undersigned for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **AFFIRMED.**

**1.    Background:**

Plaintiff's application for DIB was filed on August 24, 2010. (Tr. 279-282). Plaintiff alleged she was disabled due to due to seizures, thyroid problems, high blood pressure, right knee and ankle problems, back problems, and depression. (Tr. 313). Plaintiff alleged an onset date of July 1, 2010. (Tr. 12).

Plaintiff had an administrative hearing on December 19, 2013. (Tr. 93-109). Plaintiff was

present and was represented by non-attorney, Odis Rose, at this hearing. *Id.* Plaintiff, Vocational Expert ("VE") Susan Johnson, and Medical Expert ("ME") Dr. Nusa testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-nine (49) years old and had a GED. (Tr. 68).

On February 10, 2014, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 12-24). In this decision, the ALJ determined Plaintiff last met the insured status of the Act on September 30, 2012. (Tr. 14, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from the alleged onset date of July 1, 2010 through last date insured of September 30, 2012. (Tr. 14, Finding 2).

The ALJ determined Plaintiff had the severe impairments of seizures, high blood pressure, musculoskeletal disorders, and depression. (Tr. 14, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-22). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* The ALJ also found Plaintiff retained the RFC to perform a limited range of sedentary work; limited to no more than occasional use of foot controls on the right side; no climbing of ladders, ropes, scaffolds; no more than occasional postural movements; no more than frequent fingering and grasping on the right side; the avoidance of moderately extreme vibration and uneven terrain; and simple, routine, and repetitive unskilled work, with concrete and direct supervision and incidental interpersonal contact. (Tr. 14, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22, Finding 6). The ALJ found Plaintiff not capable of performing her PRW. *Id.* The ALJ, however, also determined there

2

was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 23, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as addresser with 120,000 such jobs in the nation and document preparer with 120,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from July 1, 2010 through September 30, 2012. (Tr. 24, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. On June 2, 2016, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On August 2, 2016, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 8, 9. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.   Discussion:**

Plaintiff, appearing *pro se*, brings the present appeal claiming she is unable to perform daily activities, her condition has deteriorated, medications cause sleepiness, and a knee surgery obtained in April 2015 has reduced her ability to function. ECF No. 8, Pgs. 1-3. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 9.

### A.  Relevant Time Period

The relevant period in this case, within which Plaintiff must show she became disabled, is from July 1, 2010, the alleged disability onset date, through September 30, 2012, the date last insured. However, substantial evidence supports the ALJ's decision that Plaintiff was not disabled during this relevant time period.

Plaintiff must show she became disabled between July 1, 2010 and September 30, 2012. Records and medical opinions from outside the insured period are only useful in "helping to elucidate the medical condition during the time for which benefits might be awarded." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). Therefore, Plaintiff's argument that her recent deterioration of condition due to an April 2015 knee surgery does not establish she is disabled, because this evidence is not relevant to whether Plaintiff was disabled on or before September 30, 2012.

### B.  RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must

be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform a limited range of sedentary work; limited to no more than occasional use of foot controls on the right side; no climbing of ladders, ropes, scaffolds; no more than occasional postural movements; no more than frequent fingering and grasping on the right side; the avoidance of moderately extreme vibration and uneven terrain; and simple, routine, and repetitive unskilled work, with concrete and direct supervision and incidental interpersonal contact. (Tr. 14, Finding 5). Substantial evidence supports the ALJ's findings.

To begin with, in February 2011, Plaintiff indicated she could take care of pets; perform personal care; prepare meals daily; shop; pay bills; count change; handle a savings account; use a

checkbook; and spend time with others. (Tr. 340-343). Also, on April 11, 2011, Dr. Julia Wood, Ph.D., examined Plaintiff and prepared a Mental Diagnostic Evaluation. (Tr. 457-464). Dr. Wood indicated Plaintiff's mental impairments did not interfere with her ability to engage in day to day adaptive functioning, had appropriate social skills and the ability to interact appropriately. (Tr. 462). Dr. Wood also found Plaintiff could communicate intelligibly and effectively, and Plaintiff had "no difficulty" meeting the cognitive demands of work. (Tr. 463). Finally, Dr. Wood reported Plaintiff was exaggerating her symptoms and there was evidence of malingering. *Id.*

Additionally, Dr. Nusa a medical expert who testified at the December 19, 2013 administrative hearing, reviewed Plaintiff's medical record during the relevant period and indicated Plaintiff had no evidence of frequent seizure activity, but did have some degeneration in the right knee and in the back that resulted in being limited to a limited range of sedentary work activity. (Tr. 97-98, 101-02).

Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### C. Medications

Plaintiff also made complaints of sleepiness due to medication usage. ECF No. 8. In support of this argument, Plaintiff attached a list medications from 2016. *Id.* Plaintiff's use of medications in 2016 has little relevance to whether she was disabled on or before September 30, 2012.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record. This Court recommends that the ALJ's decision be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **15th day of May 2017.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U. S. MAGISTRATE JUDGE